IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIA VINCENT**,<br><br>    Plaintiff,<br><br>vs.<br><br>**AMERICAN DREAM HOME GOODS, INC., and JIANYING WANG, Individually,**<br><br>    Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff KIA VINCENT ("Vincent" or "Plaintiff"), by and through her attorneys, brings this Complaint against Defendants AMERICAN DREAM HOME GOODS, INC. ("ADHG") and JIANYING WANG, individually ("Wang") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

1

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt shipping coordination duties for the Defendants in Elizabeth, Union County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, ADHG was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, American Dream Home Goods Inc. is a company with over 25 years of experience in the retail industry. They are a business-to-business company offering over 600 items for a kitchen, bathroom, and other parts of a home or office. Defendants also sell furniture, and Home Décor. Defendants have a business relationship with global manufacturers, and transportation companies. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

**PARTIES**

7. Plaintiff is an adult individual who is a resident of Elizabeth, Union County, New Jersey.

8. Plaintiff became employed by Defendants full time as a shipping coordinator, her duties include, but are not limited to, entering orders, and creating invoices.

9. Plaintiff was hired in or about November 2018. Plaintiff continues to work for Defendants to date.

10. Upon information and belief, the Defendants own a business to business retail company that sells furniture, kitchen accessories, home décor items, as well as other products.

11. Upon information and belief, the Defendants are headquartered in Elizabeth, Union County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the corporate Defendant employs individuals to perform labor services on its behalf.

13. Upon information and belief, at all times relevant to this Complaint, the ADHG's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

15. Upon information and belief, Defendant Wang is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Wang has been an owner, partner, officer and/or manager of the Defendant ADHG business.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Wang has had power over personnel decisions at the Defendant ADHG's business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## **FACTS**

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

19. Plaintiff routinely works five (5) days per week for Defendants.

20. Plaintiff routinely worked from 7:30 a.m. until 6:30 p.m. each day and took a thirty (30) minute meal break.

21. Plaintiff routinely worked on average approximately fifty-two and a one half (52.5) hours per workweek on behalf of Defendants.

22. Plaintiff was paid the same amount of money each week, regardless of the actual hours she worked. When she was initially hired, she was paid $600.00 per workweek, and then after three (3) months, $750.00 per workweek.

23. Plaintiff was not compensated at one and one half times her regular rate of pay for those hours worked in excess of forty (40) in a work week.

24. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

25. At all times material hereto, Plaintiff was performing her duties for the benefit of and on behalf of Defendants.

26. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL.

27. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

28. The records, if any, concerning the compensation actually paid to Plaintiff, are in the possession and custody of Defendants.

29. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff

compensation to which she was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

30. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 201, et.seq., as well as applicable provisions of the NJWHL, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

31. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 30 above.

32. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

33. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for her overtime hours worked in a work period.

34. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

### COUNT II
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE NJWHL

36. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 35 above.

37. Defendants' aforementioned conduct is in violation of the NJWHL.

38. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered damages, including but not limited to past lost earnings, plus incurring costs and attorneys' fees.

39. As a result of Defendants' willful violations of the Act, effective August 6, 2019, Plaintiff is entitled to liquidated damages.

## JURY TRIAL

40. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff KIA VINCENT demands judgment, against Defendants AMERICAN DREAM HOME GOODS, INC., and JIANYING WANG, Individually, for the payment of compensation for all overtime hours due her for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: December 4, 2019

Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

/s/Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
301 North Harrison St., Ste. #9F, #306
Princeton, NJ 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*